UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH EVANS,

        Plaintiff,

v.

        Case No.: 16-10770
        Honorable Gershwin A. Drain

UNIVERSITY OF MICHIGAN
HOSPITAL,

        Defendant.
_____/

**<u>ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#13], GRANTING PLAINTIFF'S MOTION TO WITHDRAW [#15, #16] AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS, CANCELING HEARING AND DISMISSING ACTION</u>**

## I. INTRODUCTION

Presently before the Court is the Defendant's Motion for Summary Judgment, filed on January 5, 2017. Plaintiff filed a Response on January 26, 2017. Also, before the Court is Plaintiff's Motion to Withdraw, filed on January 13, 2017. A supplemental brief in support of Plaintiff's Motion to Withdraw was filed on January 27, 2017. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of these matters. Therefore, the Court will decide the pending motions on the submitted briefs and

will cancel the hearing set forth April 25, 2017. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will grant Defendant's Motion for Summary Judgment in part and grant Plaintiff's counsel's motion to withdraw.

**II.    FACTUAL BACKGROUND**

Plaintiff is a fifty-three (53) year old African-American female. She was hired by Defendant on or about April 2, 2011 to work as an Instrument Processor I. On November 21, 2014, Plaintiff injured her lower back at work when she slipped and fell over a line bag while walking backwards through double doors. Plaintiff's physician recommended that Plaintiff have restrictions of only seated work from November 24, 2014 through December 9, 2014, the date she had a follow-up examination. Defendant claims that Plaintiff's supervisor advised her that the department could accommodate the work restriction.

Thereafter, Plaintiff claims her physician took her off of work until February 9, 2015 due to her injuries. However, on December 10, 2014, Defendant terminated Plaintiff because she was a "no call, no show" for three consecutive days.

On February 26, 2015, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's charge alleged that:

> On 4/2/11, I started working for my employer as an Instrument

> Processor I. I am a person covered under the Americans with Disabilities Act. My employer has been aware of my disability since on or about 2012 and additionally on 11/21/2014.
>
> On 11/21/2014, I went on leave for my disability. On 12/10/14, My [sic] Department Manager terminated me.
> I believe I was denied reasonable accommodation and discharged because of my disability in violation of the Americans with Disabilities Act of 1990, as amended.

Pg ID 60. In the charge, Plaintiff marked disability as the basis of the workplace discrimination. *Id.* On July 8, 2015, Plaintiff requested a right to sue letter from the EEOC. In response, the EEOC investigator noted that Plaintiff's charge described the following allegations:

> The CP alleges she was denied reasonable accommodation and discharged because of her disability in violation of the Americans with Disabilities Act of 1990, as amended.

*Id.*, Ex. G.

On March 16, 2016, Plaintiff filed the instant action. Her complaint alleges the following claims: (1) violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a)(1), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"); (2) violations of the Michigan Civil Rights Act, MICH. COMP. LAWS § 37.2101 *et seq.*; (3) violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") and the Michigan Persons with Disability Civil Rights Act, MICH. COMP. LAWS § 37.1101 *et seq.*; and (4) workers' compensation retaliation in violation of MICH. COMP. LAWS § 418.301(11).

### III. LAW & ANALYSIS

### A. Defendant's Motion for Summary Judgment

### 1. Standard of Review

Federal Rule of Civil Procedure 56(a) empowers the court to render summary judgment forthwith "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.,* 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most

favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

### 2. Exhaustion of Administrative Remedies

Plaintiffs alleging employment discrimination under Title VII and the

ADEA must exhaust their administrative remedies by first filing a charge of discrimination with the EEOC. *Younis v. Pinnacle Airlines, Inc*., 610 F.3d 359, 361 (6th Cir. 2010); *Davis v. Sodexo, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998). "The charge must be 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Younis*, 610 F.3d at 361 (citing 29 C.F.R. § 1601.12(b)). The *Younis* court explained that the purpose of the rule is to provide "the employer [with] information concerning the conduct about which the employee complains, as well as affording the EEOC and the employer an opportunity to settle the dispute . . . ." *Id.* Thus, permitting an employment discrimination action "to encompass claims outside the reach of the EEOC charge would deprive the charged party of notice and would frustrate the EEOC's investigatory and conciliatory role." *Id*. at 362. The *Younis* court identified an exception to the rule which allows courts to consider claims "that are reasonably related to or grow out of the factual allegations in the EEOC charge." *Id.*

In *Younis*, the Sixth Circuit determined that dismissal of the plaintiff's hostile work environment and retaliation claims was appropriate because the plaintiff failed to allege these claims in his EEOC charge by either checking the appropriate boxes on the form or by raising allegations supporting such claims in the text of the charge. *Id*. at 362-63. Here, as in *Younis*, Plaintiff failed to check

the box on the EEOC charge indicating that she was making a claim for race or age discrimination. Plaintiff only marked the box notifying Defendant that she was filing a claim for disability discrimination under the ADA. The boxes reflecting alternative bases for employment discrimination were left blank. Additionally, Plaintiff's statement in her charge of discrimination is limited to a claim that Plaintiff was denied a reasonable accommodation and discharged due to her disability. In her response brief, Plaintiff concedes that her Title VII and ADEA claims should be dismissed for failure to exhaust administrative remedies. As such, Plaintiff's race and age based discrimination claims are dismissed for failure to exhaust administrative remedies.

### 3. Sovereign Immunity

Claims for money damages or injunctive relief against the states are barred by sovereign immunity granted by the Eleventh Amendment to the United States Constitution. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01 (1984); *see also* U.S. Const. amend. XI (providing that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.")

Here, Defendant is a department of the University of Michigan created by the Regents of the University of Michigan. As such, Defendant is "an adjunct of

7

the medical department of the University, which is a state educational instrumentality maintained by the public at public expense, controlled and operated by the Board of Regents." *Robinson v. Washtenaw Circuit Judge*, 228 Mich. 225, 230, 199 N.W. 618 (1924). Moreover, the Board of Regents of the University of Michigan is a state agency for purposes of the Eleventh Amendment. Mich. Const. Art. 8, §5; *Estate of Ritter by Ritter v. University of Michigan*, 851 F.2d 846, 848 (6th Cir. 1988).

It is well settled that the Eleventh Amendment bars claims under Title I of the ADA against the states. *Board of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Whitfield v. Tennessee*, 639 F.3d 253 (6th Cir. 2011); *Richardson v. Wayne State Univ.*, 587 F. App'x 284, 286 (6th Cir. 2014) (dismissing ADA and ADEA claims against an immune state university). In her response brief, Plaintiff concedes that her ADA claim is barred by sovereign immunity. Accordingly, Plaintiff's ADA claim is dismissed from this cause of action.

    **4.**    **Supplemental Jurisdiction**

Although the Court may, under 28 U.S.C. § 1367, exercise supplemental jurisdiction over Plaintiff's state law claims ancillary to the relief sought, for the reasons set forth below, the Court declines to exercise supplemental jurisdiction

over Plaintiff's state law claims and will dismiss these claims.

Under the standard enunciated in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), and codified in 28 U.S.C. § 1367(c), this Court has broad discretion to exercise its supplemental jurisdiction. Even where the district court "arguably ha[s] supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), the [district] court has discretion to decline to exercise its supplemental jurisdiction where the state law claims predominate or where it has dismissed plaintiff's federal claims." *Cirasuola v. Westrin*, 124 F.3d 196, *1 (6th Cir. 1997).

Section 1367(c) provides that district courts may decline to exercise supplemental jurisdiction over related state claims if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The United States Supreme Court has stated that:

> Our decisions have established that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right, and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons . . . Accordingly, we have indicated that district courts should deal with cases involving pendent claims in the manner that best

serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.

*City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997) (internal citations and quotations omitted).

In this instance, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims because the Court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Accordingly, the Court will dismiss Plaintiff's state law claims without prejudice.

### B. Plaintiff's Counsel's Motion to Withdraw

Plaintiff's counsel has moved to withdraw from representing Plaintiff in this matter. Michigan Rule of Professional Conduct 1.16 governs the termination of representation. *See* M.R.P.C. 1.16. Rule 1.16 states in relevant part:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
>
>     \*         \*         \*
>
> (6) other good cause for withdrawal exists.
> (c) When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

M.R.P.C. 1.16.

Counsel indicates in his motion to withdraw that there has been an irreconcilable breakdown in the attorney client relationship necessitating his withdrawal from representation of the Plaintiff in this matter. Counsel has also submitted a letter from Plaintiff addressed to counsel indicating that she "accept[s] your withdrawal as my attorney, and instruct you not to act on my behalf." Pg ID 91.

## IV. CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment [#13] is GRANTED IN PART. Plaintiff's federal claims are dismissed with prejudice and her state law claims are dismissed without prejudice.

Plaintiff's Counsel's Motion to Withdraw as Attorney [#15, #16] is GRANTED.

This case of action is DISMISSED.

SO ORDERED.

Dated: April 18, 2017  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 18, 2017, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk